IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHERRI BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-1106-CV-W-ODS |
| ) | |
| ALLIANT LAKE CITY SMALL CALIBER ) | |
| AMMUNITION CO., LLC and ) | |
| RON BRENNECKE, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss (Doc. #3). For the following reasons, the Motion is granted.

## I. BACKGROUND

Defendant Alliant Lake City Small Caliber Ammunition Co., LLC (Alliant) operates the Lake City Army Ammunition Plant (LCAAP) in Independence, Missouri. At LCAAP, Alliant manufactures ammunition for use by the United States military. Plaintiff Sherri Bell was employed by Alliant and its predecessors for 24 years. Defendant Ron Brennecke was Plaintiff's supervisor starting in 2002 and continuing after she was promoted to water treatment operator in 2003. Plaintiff claims Defendant Brennecke treated her differently than the other employees because she was female. This treatment culminated on January 14, 2005 when Plaintiff was involved in an accident with a guzzler truck. The truck began leaking and a spill developed. That same day, following a confrontation with Defendant Brennecke concerning the accident, Plaintiff quit.

Plaintiff filed her charge of discrimination with the EEOC on April 25, 2005 and concurrently filed with the Missouri Commission on Human Rights. Plaintiff's First Amended Complaint alleges Title VII discrimination and hostile environment claims, constructive discharge, and discrimination and harassment under the Missouri Human

Rights Act.

## II. DISCUSSION

### A. Standard

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

### B. Federal Enclave

When the federal government acquires title to state land with the consent of the state legislature, Congress acquires exclusive power to legislate in respect thereto. Miller v. Wackenhut Services, Inc., 808 F.Supp. 697, 699 (W.D.Mo.,1992). In 1940, the United States government purchased the land on which LCAAP rests. Id. The Missouri General Assembly granted exclusive jurisdiction to the United States over land acquired with state consent by the United States, which would include the LCAAP. Id. Federal law is the only law governing Lake City Plant, except to the extent Congress specifically authorizes state regulation. Id. at 700. Therefore, Plaintiff's claims arising under the MHRA are dismissed.

### C. Defendant Brennecke

Plaintiff also asserts claims against Defendant Brennecke. However, the Eighth Circuit has held supervisors and other employees cannot be held liable under Title VII in their individual capacities. Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 381 (8th Cir. 1995). Therefore, Plaintiff's claims against Defendant Brennecke in his individual capacity are dismissed.

## III. CONCLUSION

     For the foregoing reasons, Counts IV and V are dismissed. Counts I, II, and III remain pending.

IT IS SO ORDERED.

                                       /s/ Ortrie D. Smith
                                       ORTRIE D. SMITH, JUDGE
DATE: March 20, 2006             UNITED STATES DISTRICT COURT