IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHERRI BELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-1106-CV-W-ODS |
| ALLIANT LAKE CITY SMALL CALIBER AMMUNITION CO., LLC, | ) |
| Defendant. | ) |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss (Doc. #24). For the following reasons, the Motion is granted.

I. BACKGROUND

Defendant Alliant Lake City Small Caliber Ammunition Co., LLC (Alliant) operates the Lake City Army Ammunition Plant (LCAAP) in Independence, Missouri. At LCAAP, Alliant manufactures ammunition for use by the United States military. Plaintiff Sherri Bell was employed by Alliant and its predecessors for 24 years. Plaintiff claims her supervisor at Alliant treated her differently than the other employees because she was female. This treatment culminated on January 14, 2005 when Plaintiff was involved in an accident with a guzzler truck. The truck began leaking and a spill developed. That same day, following a confrontation with her supervisor (Ron Brennecke[1]) concerning the accident, Plaintiff quit.

Plaintiff filed her charge of discrimination with the EEOC on April 25, 2005 and concurrently filed with the Missouri Commission on Human Rights. On June 29, 2005, the EEOC mailed its Notice of Right-to-Sue to Plaintiff. On October 3, 2005, Plaintiff filed a lawsuit alleging only claims under the MHRA in Missouri State Court, and

---

[1]Ron Brennecke was a separate defendant in the original complaint, but was dismissed in the Court's March 2006 Order.

Defendant removed the action to this Court on November 7, 2005. On December 29, 2005, Plaintiff moved for leave to file an Amended Complaint and the motion was granted. Plaintiff filed a First Amended Complaint on March 10, 2006, alleging Title VII discrimination and hostile environment claims, constructive discharge, and discrimination and harassment under the Missouri Human Rights Act. The Court granted Defendant's Motion to Dismiss on March 17, 2006, dismissing Counts IV and V, the MHRA claims. Defendant filed this Motion to Dismiss, alleging Plaintiff's December 2005 Motion to Amend was outside the 90-day limitation period, or in the alternative, the original petition filed on October 3, 2005 was filed outside of the 90-day limitation.

## II. DISCUSSION

A. Standard

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

B. Timeliness

A plaintiff alleging violations of Title VII or the ADA has ninety days to file a lawsuit from the date she receives the EEOC's notice of right to sue. Williams v. Thomson Corp., 383 F.3d 789, 790 (8th Cir. 2004). The ninety-day time period runs from the day the right to sue letter is received. Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). When the exact date of receipt is unknown, the Court presumes the notice was received within three days after mailing. Id.

Plaintiff contends the Court should apply the presumption that an EEOC right-to-sue letter is received within five days of the date of mailing. Barnes v. Riverside Seat Co., 46 Fed. Appx. 394, 2002 WL 31027585 (8th Cir. 2002). However, the Supreme Court, the Eighth Circuit and this Court have consistently applied the presumption of three days. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984);

2

Battle v. Federal Express Corp., 156 Fed. Appx. 877, 878 (8th Cir. 2005); Dewberry v. Alphapointe Ass'n for the Blind, 2005 WL 3479507 (W.D. Mo. Dec. 20, 2005).

The date to determine timeliness is October 3, 2005, the date Plaintiff filed the original petition. Plaintiff is presumed to have received the letter on July 2, 2005. Therefore, Plaintiff should have raised her Title VII claims on or before September 30, 2005. As Plaintiff did not file within that time period, the complaint in time-barred.[2]

### III. CONCLUSION

Therefore, the remaining Counts I, II and III are dismissed.

IT IS SO ORDERED.

Date: June 27, 2006 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[2] In light of the Court's decision, it is unnecessary to address Defendant's argument that the Title VII claims alleged in the First Amended Complaint do not relate back to the original petition.